The Honorable B.G. Hendrix State Representative 2215 So. 40th Street Fort Smith, AR 72903
Dear Representative Hendrix:
This office acknowledges receipt of your request for an official opinion on the following questions:
 1. May the Capitol Zoning District Commission issue and enforce regulations which require the removal of structures which were in existence before the Capitol Zoning District Commission was established?
 2. May the Capitol Zoning District Commission grant permission for the renovation, alteration or extension of structures which were in existence before the Capitol Zoning District Commission was established?
The answer to your first question is no. The answer to your second question is yes. These answers were arrived at from our reading of the Capitol Zoning Act.
The Capitol Zoning District Commission was created by Act 267 of 1975. This legislation is compiled at Ark. Stat. Ann. 5-244. The answer to your questions is to be found in 5 of the Act (Ark. Stat. Ann. 5-239). The first paragraph of this section gives the Capitol Zoning District Commission exclusive authority over the zoning and regulation of utilization of all property within the Capitol Zoning District. The fifth paragraph of Ark. Stat. Ann. 5-239 provides:
 Within the Capitol Zoning District, a legally existing use, building or structure, existing at the time of the adoption of the plans and regulations authorized by this law, but not in conformity with said plans and regulations, may be continued but shall not be extended or structurally altered without the approval of the Capitol Zoning District Commission.
The sixth paragraph of Ark. Stat. Ann. 5-239 authorizes the Commission to adopt zoning regulations. Pursuant to this provision the Capitol Zoning District Commission adopted the Capitol Zoning District Ordinance in December, 1977.
The authority of the Capitol Zoning District to regulate by ordinance usages within the Capitol Zoning District is limited by the provisions of 5-239 as quoted above. The Capitol Zoning District Commission has no authority to achieve by ordinance a result which is prohibited by statute.
Thus, the Capitol Zoning District Commission may not issue and enforce regulations which require the removal of structures which were in existence at the time of the adoption of the Capitol Zoning District Ordinance. This same provision of the law grants to the Capitol Zoning District Commission the authority to determine whether to allow a structure which was in existence at the time of the adoption of the Capitol Zoning District Ordinance to be extended or structurally altered. Any provision of the ordinance which prohibits ALL extension or structural alteration of these nonconforming structures is invalid because it is not in accord with the a statute.
Signage in the Capitol Zoning District falls under Article Nine of the Capitol Zoning District Ordinance. The ordinance does not allow off-premise signs in the Capitol Zoning District. (Section 9-105.) Billboards fall within the category of "off-premise signs." The Ordinance requires that nonconforming signs be removed within a period of five years from the adoption of the Ordinance. (Section 9-108.) If a billboard falls within the category "Use . . . Structure," the Capitol Zoning District Ordinance prohibits uses and structures which are protected by the terms of the Capitol Zoning District Act.
Black's Law Dictionary defines "structure" as follows:
 Any construction, or any production or piece of work artificially built up or composed of parts joined together in some definite matter [manner]. That which is built or constructed; an edifice or building of any kind.
A combination of material to form a construction for occupancy, use or ornamentation whether installed on, above, or below the surface of a parcel of land.
It appears that billboards are structures. This being the case, the Capitol Zoning District Commission may not require the removal of billboards which were in existence prior to the adoption of the Zoning District Ordinance. The Commission has exclusive authority to determine whether to grant authorization to allow a nonconforming structure to be extended or structurally altered.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Arnold M. Jochums.